UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KURTIS KING, | No. 2:22-cv-1697 DB P |
| Petitioner, | |
| v. | ORDER AND FINDINGS AND RECOMMENDATIONS |
| JEFFREY LYNCH, | |
| Respondent. | |

Petitioner, a state prisoner proceeding pro se, has filed a petition for a writ of habeas corpus and a motion to proceed in forma pauperis.

Under Rule 4 of the Rules Governing § 2254 Cases, the court is required to conduct a preliminary review of all petitions for writ of habeas corpus filed by state prisoners. Pursuant to Rule 4, the court must summarily dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

Petitioner is incarcerated at California State Prison, Sacramento. He complains that the California Department of Corrections and Rehabilitation pays him, and all prison inmates inadequate wages for prison jobs. As best this court can tell, petitioner seeks a court order requiring prisons to pay inmates a minimum wage of at least $15/hour.[1]

---

[1] Petitioner appears to direct this request to the California Court of Appeal for the Third Appellate District and he uses a state form for his petition. This court notes those facts in case petitioner

The petition should be dismissed for two reasons. First, petitioner's allegations are not cognizable in a federal habeas case. "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and ... the traditional function of the writ is to secure release from illegal custody." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). "Habeas corpus proceedings are the proper mechanism for a prisoner to challenge the 'legality or duration' of confinement. A civil rights action ... is the proper method of challenging 'conditions of ... confinement.'" Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991) (quoting Preiser, 411 U.S. at 484). Petitioner does not challenge the legality or duration of his custody and does not seek release as a remedy. Petitioner's challenge to inmate pay should be raised, if at all, in a civil rights action.

The court may, in appropriate circumstances, convert a habeas petition to a civil rights action. There is no need to consider that option here. On the same day he filed the present action, petitioner filed a civil rights action - King v. Lynch, et al., 2:22-cv-1696 EFB. In the civil rights action, petitioner also complains about inadequate inmate pay. The second reason this action should be dismissed is that it states a claim redundant of a claim made in an existing case.

For the foregoing reasons, the Clerk of the Court IS HEREBY ORDERED to randomly assign a district judge to this case.

Further, IT IS RECOMMENDED that this action be dismissed without prejudice for petitioner's failure to state a claim cognizable under 28 U.S.C. § 2254.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within thirty days after being served with these findings and recommendations, petitioner may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

////

////

---

filed in federal court inadvertently.

Petitioner is advised that failure to file objections within the specified time may result in waiver of the right to appeal the district court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: October 13, 2022

                                                    /s/ Deborah Barnes
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:9
DB Prisoner Inbox/Habeas/S/king1697.scrn fr