UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KURTIS KING,<br><br>  Petitioner,<br><br>  v.<br><br>JEFFREY LYNCH,<br><br>  Respondent. | No. 2:22-cv-01697-DAD-DB (HC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND DISMISSING HABEAS PETITION<br><br>(Doc. Nos. 2, 7) |

Petitioner Kurtis King is a state prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On October 14, 2022, the assigned magistrate judge issued findings and recommendations recommending that petitioner's federal habeas petition be dismissed due to petitioner's failure to state a cognizable claim because "petitioner does not challenge the legality or duration of his custody and does not seek release as a remedy," rather, petitioner seeks a court order requiring prisons to pay inmates a minimum wage of $15.00 per hour. (Doc. No. 7 at 2.) The pending findings and recommendations were served upon petitioner and contained notice that any objections thereto were to be filed within thirty (30) days after service. (*Id.*) To date, petitioner has not filed any objections and the time in which to do so has passed.

/////

1

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, the court concludes that the pending findings and recommendations are supported by the record and proper analysis.

Having concluded that the pending petition must be dismissed, the court also declines to issue a certificate of appealability. A petitioner seeking writ of habeas corpus has no absolute right to appeal; he may appeal only in limited circumstances. *See* 28 U.S.C. § 2253; *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). If a court denies a petitioner's petition, the court may only issue a certificate of appealability when a petitioner makes a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). Where, as here, the court denies habeas relief on procedural grounds without reaching the underlying constitutional claims, the court should issue a certificate of appealability "if jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In the present case, the court finds that reasonable jurists would not find the court's determination that the pending petition must be dismissed to be debatable or wrong. Thus, the court declines to issue a certificate of appealability.

Accordingly,

1. The findings and recommendations issued on October 14, 2022 (Doc. No. 7) are adopted in full;
2. The petition for writ of habeas corpus (Doc. No. 1) is dismissed;
3. Petitioner's motion to proceed *in forma pauperis* (Doc. No. 2) is denied as having been rendered moot by this order;
4. The court declines to issue a certificate of appealability; and
5. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated:  **January 4, 2023**

UNITED STATES DISTRICT JUDGE